UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUNNER AEROSPACE, L.L.C.,

    Plaintiff,

Case No. 16-13561

Honorable John Corbett O'Meara

v.

MD HELICOPTERS, INC.,

    Defendant.

_____/

**ORDER GRANTING DEFENDANT'S**
**NOVEMBER 21, 2016 MOTION TO DISMISS**

    This matter came before the court on defendant MD Helicopters' November 21, 2016 motion to dismiss. Despite the parties' stipulation to an extension of time to file a response to the motion, plaintiff Brunner Aerospace failed to file a response. No oral argument was heard.

    Defendant asserts that the court cannot exercise personal jurisdiction over it because plaintiff Brunner's claims "are not related to and do not arise out of any contacts between [Defendant] and Michigan." Def.'s mot. at 1. Defendant further contends that the court lacks general jurisdiction "because [Defendant] does not have contacts with Michigan sufficient to render [Defendant] essentially at home in the state." Id.

Defendant also asserts that the "parties entered into a valid and binding forum-selection clause designating the Superior Court of Arizona, County of Maricopa, as the court with 'exclusive' jurisdiction over a dispute between the parties." Id. at 2. Therefore, Defendant moves the court to dismiss this case under the doctrine of *forum non conveniens*.

Plaintiff Brunner bears the burden of proving that personal jurisdiction exists. Carrier Corp. V. Outokumpu Oyj, 673 F.3d 430, 449 (6th Cir. 2012). In the face of a properly supported motion to dismiss, "the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir. 1991). By failing to file a response, Brunner has failed to carry its burden to prove personal jurisdiction exists. Accordingly, the court must grant Defendant's motion to dismiss.

Even if the court found that it could exercise personal jurisdiction over Defendant, it would still dismiss the case under the doctrine of *forum non conveniens*, as the parties' contractual agreement contains an express forum-selection clause designating Arizona state court as the exclusive forum for any dispute.

**ORDER**

It is hereby **ORDERED** that defendant MD Helicopters' November 21, 2016 motion to dismiss is **GRANTED**.

                                          s/John Corbett O'Meara
                                          United States District Judge

Date: January 6, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, January 6, 2017, using the ECF system.

                                          s/William Barkholz
                                          Case Manager